UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| AMGUARD INSURANCE CO. | CIVIL ACTION NO. 18-cv-0261 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DARRYLYN MIDDLETON, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Darrylyn and Joyce Middleton own property in Mansfield, Louisiana. A pine tree on the property was leaning on power lines owned by CLECO Power, LLC. The Mansfield Fire Department responded to a call about an electrical problem, and the pine tree fell on the fire truck and destroyed it. The City of Mansfield made a claim on its insurance policy issued by AmGuard Insurance Company.

AmGuard filed this subrogation suit against the Middletons and CLECO to recover more than $300,000 it paid under its policy. AmGuard's complaint invokes diversity jurisdiction, which puts the burden on AmGuard to allege facts that show complete diversity of citizenship. The original complaint does not meet that burden.

AmGuard alleges that it is a "commercial entity" organized under Pennsylvania law with its principal place of business in Pennsylvania. Those allegations are sufficient if AmGuard is a corporation, but the complaint does not specifically identify its form of entity. If AmGuard is a corporation, it should allege that with specificity. If it is not, then it should identify its form of entity and allege its citizenship in accordance with the rules that apply to that form of entity.

The Middletons are alleged to reside in Mansfield, Louisiana. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). AmGuard needs to allege with specificity the state in which the Middletons are domiciled.

The complaint alleges that CLECO Power, LLC is a Louisiana limited liability company with its principal place of business in Louisiana. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

AmGuard will need to file an amended complaint and attempt to satisfy its burden of alleging complete diversity of citizenship with specificity. The court will not set a deadline for it to do so at this time because AmGuard may not have access to the information needed to allege CLECO's citizenship. CLECO is directed to cooperate in

promptly providing that information after it is made aware of this suit. AmGuard may be able to amend its complaint without filing a motion for leave if it acts within the time permitted by Fed. R. Civ. Pro. 15(a).

The court notes that the civil cover sheet that accompanied the complaint has a box checked to indicate that federal question is the basis of jurisdiction, and the docket sheet contains similar indications in the "cause" and "jurisdiction" fields. A review of the complaint shows that there is no invocation of federal question jurisdiction. The complaint relies only on diversity jurisdiction pursuant to 28 U.S.C. § 1332. <u>See</u> Complaint, ¶ 7. The claims set forth in the complaint are based solely on state law. Accordingly, the Clerk of Court is directed to make appropriate changes to the cause and jurisdiction fields on the docket sheet to reflect that this is a diversity action.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of March, 2018.

Mark L. Hornsby
U.S. Magistrate Judge