UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| AMGUARD INSURANCE CO. | CIVIL ACTION NO. 18-cv-0261 |
| VERSUS | JUDGE DOUGHTY |
| DARRYLYN MIDDLETON, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Darrylyn and Joyce Middleton own property in Mansfield, Louisiana. A pine tree on the property was leaning on power lines owned by CLECO Power, LLC. The Mansfield Fire Department responded to a call about an electrical problem, and the pine tree fell on the fire truck and destroyed it. The City of Mansfield made a claim on its insurance policy issued by AmGuard Insurance Company.

AmGuard filed this subrogation suit against the Middletons and CLECO to recover more than $300,000 it paid under its policy. AmGuard's complaint invokes diversity jurisdiction, which puts the burden on AmGuard to allege facts that show complete diversity of citizenship. The original complaint did not meet that burden. The court issued a Memorandum Order (Doc. 3) that directed AmGuard to file an amended complaint and attempt to set forth the necessary facts to show complete diversity.

AmGuard has now filed an Amended Complaint (Doc. 22) in an effort to meet its burden. It has specified that it is a corporation organized under Pennsylvania law with its principal place of business in Pennsylvania. It is also specified that the Middletons are both domiciled in Louisiana. The problem comes with defendant CLECO Power, LLC.

The amended complaint states that the attorneys have been cooperating in providing available information about the citizenship of its members, but the organization is apparently quite complicated.

The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

The amended complaint states that CLECO Power, LLC is a "wholly-owned subsidiary" of another LLC, which is in turn a wholly-owned subsidiary of another LLC, which is itself a wholly-owned subsidiary of CLECO Partners, LP. Presumably, the statement that one LLC is wholly owned by another LLC is intended to mean that the second LLC is the sole member of the original LLC. There are other ways, such as by using other entities, that an LLC could wholly own and control another LLC without actually being a member of it. But it is membership that is critical for determining citizenship for diversity purposes, so allegations in this regard should be clear about what

entities are actually members of others. Terms such as wholly-owned subsidiary leave room for doubt.

Assuming the membership issue with respect to the CLECO entities can be addressed with specificity, that brings us to CLECO Partners, LP. The amended complaint does not say so, but the name of this entity suggest that it is a limited partnership. Any future amendments should clarify its status.

When a partnership is a party, the court must consider the citizenship of each partner, whether limited or general. <u>Carden v. Arkoma Associates</u>, 110 S.Ct. 1015 (1990). The <u>Carden</u> rule applies to common law limited partnerships and a Louisiana partnership in commendam. <u>Whalen v. Carter</u>, 954 F.2d 1087, 1094 (5th Cir. 1994); <u>Newport Limited v. Sears, Roebuck and Co</u>., 941 F.2d 302 (5th Cir. 1991). If partners are themselves partnerships, LLC's or other form of association, the citizenship must be traced through however many layers of members or partners there may be, and failure to do so can result in dismissal for want of jurisdiction. <u>Mullins v. Testamerica, Inc.</u>, 2008 WL 4888576 (5th Cir. 2008) (court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership).

The amended complaint alleges that CLECO Partners, LP "is owned by" three entities. Presumably, this means that the three entities are partners in or members of the entity. The next amendment should clarify this with a specific allegation.

One of the owners is MIP CLECO Partners, LP. Its general partner is Macquarie Infrastructure Partners III, GP, LLC, "whose members are a Delaware corporation, a UK Corporation, and a Delaware LLC with a New York resident as its sole member." The

amended complaint states that, upon information and belief, no limited partners have been identified as citizens of Pennsylvania. This is not adequate.

The Delaware corporation is not identified, and its principal place of business is not alleged. The same is true with respect to the UK corporation. As for the unidentified limited partners, the court has required that limited partners be identified and have their citizenship alleged with specificity even when that task is burdensome or even impossible. <u>Moran v. Gulf South Pipeline Co., LP</u>, 2007 WL 276196 (W.D. La. 2007) (collecting cases that required specificity of limited partners despite there being thousands of them or their interests being miniscule); <u>Masion v. Liberty Mut. Ins. Co</u>., 2006 WL 1675378 (W.D. La. 2006) (requiring specificity even though partnership shares were publicly traded and identities of owners changed often based on trades).

The second owner of CLECO Partners, LP is said to be British Columbia Investment Management Corporation ("BCI"). It is alleged to be a limited partnership whose general partner is a Canadian corporation with a principal place of business in Canada. As for limited partners, the amended complaint states only that, upon information and belief, no limited partners have been identified as citizens of Pennsylvania. That general assertion is inadequate under the law cited above.

The third owner of CLECO Partners, LP is alleged to be John Hancock Life Insurance Company (USA) (together with one or more of its subsidiaries and affiliates). John Hancock is alleged to be "domiciled" in Michigan and have a principal place of business in Massachusetts. The amended complaint does not allege the form of entity of John Hancock. If it is a corporation, the pleadings should say so and allege the state in

which it is incorporated.  A reference to the state in which it is "domiciled" may be intended to imply that, but specificity is necessary to meet a party's burden with respect to jurisdiction.  It is also troublesome that the amended complaint appears to allege that not only John Hancock but unspecified subsidiaries and affiliates may also be partners in CLECO Partners, LP.  The role of those entities should be specified.  If they are partners, they must be identified, and their citizenship must be alleged with specificity.

AmGuard will be given a final opportunity through **July 27, 2018** to file a motion for leave to file a second amended complaint and set forth information that will meet its burden with respect to diversity of citizenship.  AmGuard should be aware that if this civil action is dismissed for lack of subject-matter jurisdiction, the complaint may not have interrupted any applicable limitations period.  Prescription is generally interrupted on a Louisiana tort claim by filing suit in a court of competent jurisdiction and venue.  La. Civ. Code art. 3462.  The court will review the record after the July 27 deadline and determine whether the case may go forward or whether it should be dismissed for lack of a proper showing of subject-matter jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th of July, 2018.

_____
Mark L. Hornsby
U.S. Magistrate Judge